**United States District Court**

District of South Dakota

CENTRAL DIVISION

FILED
December 18, 1986
William F. Clayton
Clerk

CLM

**Donald J. Porter**
*Chief Judge*
Rm. 413 - U.S. Courthouse
Pierre, South Dakota 57501

December 9, 1986

Page 152

Jeanette Wolfley
Native American Rights Fund
1506 Broadway
Boulder, Colorado 80302

Krista Clark
Dakota Plains Legal Services
Box 500
Eagle Butte, South Dakota 57625
Attorneys for Plaintiff

David A. Gerdes
May, Adam, Gerdes & Thompson
P.O. Box 160
Pierre, South Dakota 57501
Attorneys for defendant School District, Members of the Board, and
    Business Manager

Donald J. Coleman
Attorney at Law
Box 130
Dupree, South Dakota 57623
Attorneys for defendant Lucille Fairbanks

RE: CIVIL NO. 86-3012
    ALBERTA BLACK BULL, DALE HALE, LILLIAN WHITE WOLF, ELSIE SLIDES
    OFF, RAYMOND ROACH, AND TRUE V. CLOWN, SR., Individually and on
    behalf of all others similarly situated, Plaintiffs vs.
    DUPREE SCHOOL DISTRICT, No. 64-2, South Dakota; BONNIE MITCHELL,
    RAYMOND LENK, CHARLIE BROOKS, JANIE DAVIS, WILLIAM MARPLE, JR.,
    Individually and in their capacities as members of the Dupree
    School Board, South Dakota; CONNIE ALSPACH, Individually and in
    her official capacity as Business Manager of the Dupree School
    District, South Dakota; and LUCILLE FAIRBANKS, Individually and
    in her official capacity as Ziebach County Auditor, Defendants.

Dear Counsel:                                    MEMORANDUM OPINION

On August 18, 1986, the plaintiffs' attorneys filed a motion for an award of attorneys' fees in the above entitled action. Plaintiffs sought to prevent the defendants from conducting school board elections under a precinct and polling place scheme which had only one polling place for an entire school district of large geographic scope. Plaintiffs challenged the scheme pursuant to the Voting Rights Act, 42 U.S.C. § 1973, and were successful in their challenge. A Temporary Restraining Order was issued and the parties reached a settlement increasing the number of polling locations.

As prevailing parties, plaintiffs are entitled to an award of attorneys fees. In such an action "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1973*l* (e). The court is limited in its discretion. "Absent 'special circumstances', fees should be awarded." New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 68 (1980) (citations omitted). Although defendants urge the court not to award attorney's fees because of special circumstances, the circumstances expressed do not negate the award. Defendants urge that good faith on their part negates such an award. However, good faith is irrelevant to awarding attorney's fees. Hutto v. Finney, 437 U.S. 678 (1978). Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400 (1969). Defendants also note that the now added cost

of the new polling locations to the school district as a special circumstance. Defendants have not met their burden to show that this is a special circumstance that would render an award unjust. William v. Miller, 620 F.2d 199, 202 (8th Cir. 1980).

The Eighth Circuit has adopted the twelve factors enunciated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), to guide the determination of the amount of the award. Zoll v. Eastern Allamakee Community Sch. Dist., 588 F.2d 246 (8th Cir. 1978). The factors are

> (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases.

Id. at 252, n.11. Under this standard, "the minimum award should generally be not less than the number of hours claimed times the attorney's regular hourly rate." Id. at 252. After determining this lodestar figure, the court may apply subjective factors to the award. See, e.g. International Travel Arrangers, Inc. v. Western Airlines, Inc., 623 F.2d 1255, 1274 (8th Cir.), cert. denied 449 U.S. 1063 (1980). The court is also guided by Hensley v. Eckerhart, 461 U.S. 424 (1983).

Hours Allowed

The three attorneys representing the plaintiffs have submitted itemizations of hours spent totalling 97.5 hours for J. Wolfley, 38 hours for K. Clark, and 24.5 hours for M. DePree. Defendant strenuously objects to these hours as being "grossly overstated" and "exhorbitant." The court has reviewed the claims in detail and will disallow some hours claimed.

Defendant objects to any hours spent after the parties reached settlement. However, hours spent implementing the settlement are compensable. See, Northcross v. Board of Education of Memphis, 611 F.2d 624 (6th Cir. 1979).

The court will disallow Clark one hour on 3/24/86 for "copying". This court has held previously that such clerical tasks are not recompensable. Grueschow v. Harris, Civ. #80-3040, memorandum opinion at 3-4 (D.S.D. July 25, 1980).

The defendants also object to DePree's claim of 14.5 hours on 3/27/86 to 3/30/86 reviewing facts and law. Time an additional attorney spends "familiarizing himself with the case file is duplication of effort that should not be charged to losing defendants." Hinkle v. Christensen, 548 F.Supp. 630, 633 (D.S.D. 1982). These hours are disallowed. All three attorneys claim one hour on 4/7/86 for conference with defendants' attorney. The claim inadequately shows the need for three attorneys for this meeting. Id. The one hour claims of both DePree and Clark are disallowed.

Defendants' most strenuous objection is to the number of hours spent by Wolfley and Clark researching and preparing pleadings. Between them, defendants note, 46 hours are claimed. The court agrees that this is excessive. The issues were not particularly novel. In particular, Wolfley had already tried Buckanaga v. Sisseton Independent School Dist., Civ. 84-1025 (D.S.D. May 3, 1984). Buckanaga is very similar to the instant case in legal theory and requested relief. Furthermore, Buckanaga was on appeal to the Eighth Circuit Court of Appeals at the time of this case. The court will disallow 5 hours from Clark's claim and 20 hours from Wolfley's claim. See Hensley, 461 U.S. at 434.

Rate

Plaintiffs' attorneys have requested a rate of $85/hour. Defendants claim a rate of $75/hour is the customary fee for work of this type in this area. This court has in the past allowed awards at rates between $50/hr. in 1980, Grueschow, and $65/hr. in 1985. Crawford v. Janklow, Civ. #82-3078 (D.S.D. May 9, 1985). The court will allow $75/hour in this case as a fair rate of compensation in this geographic area for this type of work at this time.

Subjective Factors

Plaintiffs have requested a multiplier of two or three to be used to vindicate the purposes of the Voting Rights Act. The court declines to impose a multiplier in this case. Several of the Johnson factors are worthy of particular note. As previously noted,


-6-

the legal questions involved were not particularly novel or difficult. None of the three attorneys were precluded from other employment as evidenced by their time records. The subject matter of the case was not undesirable for any of the attorneys, but rather, very similar to the type of case legal services and the Native American Rights Fund are in existence to undertake. The payment of the attorneys organizations is contingent upon this award order, but the individual attorneys were not at risk as salaried employees. In summary, the plaintiffs' attorneys provided competent representation and achieved a settlement in their clients' interest, but no special factors warrant multiplying the award in light of consideration of all twelve factors.

Costs.

Plaintiffs request $524.42 for expenses. The $9.00 "Misc." request is denied as too indefinite. The remainder is granted.

-7-

Summary

In tabular form, the court awards the following:

```
Wolfley Request      -------     97.5 hours
  Disallowed                    -20.0 hours
                                 77.5 hours x $75/hr. = $5,812.50

Clark Request        -------     38   hours
  Disallowed                     -7   hours
                                 31   hours x  $75/hr. = $2,325.00

DePree Request       -------     24.5 hours
  Disallowed                    -15.5 hours
                                  9   hours x $75/hr. = $  675.00

Expenses Request     -------    $524.42
  Disallowed                    -  9.00    =                $  515.42

                                TOTAL ------------------  $9,327.92
```

BY THE COURT:

_Donald J. Porter_
CHIEF JUDGE